UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　Plaintiff,<br>　　v.<br>$20,000.00 U.S. CURRENCY,<br>　　Defendant. | NO. CV-05-360-RHW<br>**DECREE OF FORFEITURE** |

　　Before the Court is the parties' Stipulation for Decree of Forfeiture (Ct. Rec. 2). Plaintiff, United States of America, filed a Verified Complaint for Forfeiture *in Rem* on November 10, 2005, alleging that the defendant property was subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

　　The Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355. Defendants have stipulated to venue in the Eastern District of Washington. The defendant property is described as follows:

> $20,000.00 U.S. currency, representing property involved in and traceable to violations of 18 U.S.C. § 1957, money laundering.

　　On November 10, 2005, in a Stipulation for Decree of Forfeiture between the United States and McAllen Forwarding Company, Inc. ("McAllen Forwarding"), and Oscar Diaz, the United States and McAllen Forwarding and Oscar Diaz agreed to the forfeiture of $15,000.00 to settle this civil forfeiture case. McAllen Forwarding and Oscar Diaz agreed in said Stipulation for Decree of Forfeiture to the entry of a decree of forfeiture forfeiting the $15,000.00 to the United States of America, without notice or hearing.

DECREE OF FORFEITURE * 1

It appearing to the Court that the United States and McAllen Forwarding and Oscar Diaz agreed, in the stipulation filed herein, to the forfeiture of $15,000.00 to settle this civil case;

It also appearing to the Court that McAllen Forwarding and Oscar Diaz have agreed to pay to the United States the $15,000.00 in two payments of $7,500.00 each, the first payment due and payable on or before October 17, 2006, and the second payment due and payable on or before October 17, 2007, in accordance with the Stipulation for Decree of Forfeiture;

It further appearing to the Court that McAllen Forwarding and Oscar Diaz have consented to the entry of a judgment for the entire $20,000.00 alleged money laundering proceeds, with McAllen Forwarding and Oscar Diaz being jointly and severally responsible for satisfaction of said judgment, if such payments are not timely received.

It further appearing to the Court that the parties have agreed that interest shall accrue on the settlement amount as set by statute, but be waived, provided that the settlement amount is timely paid, but if the settlement amount is not timely paid, then interest as set by statute shall accrue on the full $20,000.00 from the date of the parties' stipulation;

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED that the $15,000.00 is hereby forfeited to the United States;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the District Court Executive shall **enter a judgment** for $15,000.00, joint and several, against McAllen Forwarding and Oscar Diaz, and that this amount shall accrue interest from date of entry of the judgment, but that interest shall be waived so long as the settlement amount of $15,000.00 is paid in accordance with the parties' stipulation. The United States shall not execute said judgment unless the agreed-upon payments are not timely tendered to the United States Marshals Service;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that upon

DECREE OF FORFEITURE * 2

1 receipt of the second and final payment in satisfaction of the judgment, the United
2 States shall file a Notice of Satisfaction of Judgment with the Court.
3     IT IS FURTHER ORDERED that the United States Marshals Service shall
4 dispose of each of the $7,500.00 payments made toward the $15,000.00 in
5 accordance with law.
6     **IT IS SO ORDERED.**  The District Court Executive is directed to enter this
7 Order and forward copies to counsel.
8     **DATED** this 28th day of November, 2005.

        s/ ROBERT H. WHALEY
        Chief United States District Judge

Q:\CIVIL\2005\$20,000.00\decree.ord.wpd

DECREE OF FORFEITURE * 3